UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| OLEG CASSINI, INC. | COMPLAINT AND JURY DEMAND |
| Plaintiff, | |
| vs. | 11 Civ. 8751 Civil Action No. |
| SERTA, INC., J.C. PENNEY, INC. and JOHN DOES (1-10) | |
| Defendants. | |

------------------------------------------------------------X

### COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, UNJUST ENRICHMENT AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Plaintiff, Oleg Cassini, Inc. (hereinafter "OCI" or "Plaintiff"), appearing through its undersigned counsel, complain against Defendants, Serta, Inc. ("Serta"), J.C. Penney Company, Inc. ("jcpenney"), and John Does (1-10) (collectively, the "Defendants"), allege as follows:

### NATURE OF THE ACTION

1. This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125 and the common law, and is for trademark infringement dilution and unfair competition under federal and state law.

### THE PARTIES

2. Plaintiff OCI is a New York Corporation with its principal place of business in New York, New York.

3. Defendant Serta is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois.

4. Defendant jcpenney is a Delaware Corporation with its principal place of business in Plano, Texas.

5. Upon information and belief, JOHN DOES 1-10 represent persons or entities, presently unknown to Plaintiff, who have engaged and/or are engaging in the unauthorized manufacture, distribution and/or sale of the infringing product, or have directly benefited and/or are directly benefiting financially from the manufacture, distribution and/or sale thereof.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121; and pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

7. Defendants, upon information and belief, transact business within this district, derive substantial revenue from intrastate and interstate commerce, have committed tortious acts within this district and also without this district having injurious consequences within this district, and Defendants are otherwise within the jurisdiction of this Court.

8. This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and 302(a) because, upon information and belief, (i) Defendants are registered to do business in New York and do continuous and systematic business in New York and in this District; (ii) Defendants have transacted business in New York and contracted to supply goods or services in New York in connection with matters giving rise to this suit, including, without limitation, the sale of infringing mattresses in retail stores located in this District; and/or (iii) Defendants have committed infringing acts outside of New York causing injury to Plaintiff in New York and Defendants regularly do or solicit business in New York, and/or derive substantial revenue from goods used or services rendered in New York, and/or

expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, including, without limitation, the sale of infringing products in retail stores located in this District, and/or Defendants are subject to personal jurisdiction in this District.

## OLEG CASSINI AND HIS TRADEMARKS

10. Oleg Cassini®, Cassini® and various derivatives thereof are registered trademarks owned by the Plaintiff for apparel, luggage, bridal wear, eyewear, jewelry, toiletries, and perfumes, among other things (hereafter referred to as the "Cassini Marks"). The Cassini Marks are registered in the United States as well as in over thirty countries. The Cassini Marks are incontestable in the United States.

11. OCI has used its marks for clothing and hundreds of other products since at least as early as 1951. Its first registration of the "Oleg Cassini" mark was granted in 1957 for apparel by the United States Patent and Trademark Office under registration number 0650952.

12. OCI has used and continues to use the Cassini Marks extensively in connection with its product and service offerings which includes but are not limited to apparel, luggage, bridal wear, eyeglasses, jewelry, toiletries, perfumes and various home goods including items made from crystal.

13. Over the years the Cassini Marks have been used on an infinite number of products including, but not limited to, bedding and linens.

14. Oleg Cassini a fashion icon and pioneer in the licensing industry was one of the first designers to license and associate his name with various home good products.

15. Oleg Cassini was one of the first designers to associate his name and the Cassini Marks with high quality mattresses.

16. Sealy, Inc. sold a line of mattresses designed by Oleg Cassini which were sold in several department stores including, but not limited to, Macy's throughout the United States.

17. Oleg Cassini also designed a very successful bedding line for jcpenney which had various styles which included "Cassini" plus the descriptive for the design on the label which were had descriptions on the label such as "Cassini Lily".

18. In connection with its business, and other services, and to promote these services through the sale of licensed products, OCI has long used the Cassini Marks.

19. The Cassini Marks are famous throughout the world and are especially well known by those in the apparel and related home goods and furnishings industries.

20. The Cassini Marks are also heavily advertised in print media as well as in other mediums including the internet. As a result of OCI's long standing use of the Cassini Marks and the extensive exposure resulting from OCI's extensive promotions and advertising in connection with its own and licensed products, OCI has developed great and valuable goodwill in the Cassini Marks. OCI has spent considerable sums of money and time over the years in connection with the promotion and advertising of the Cassini Marks. As a result thereof, the Cassini Marks and the goodwill associated therewith are of inestimable value to OCI.

21. By virtue of the wide renown acquired by the Cassini Marks, coupled with the national distribution and extensive sales of the goods distributed under these trademarks, the Cassini Marks have become famous and have developed secondary meaning and significance in the minds of the purchasing public, such that any goods offered under or in connection with these trademarks are immediately identified by the purchasing public with OCI.

## DEFENDANTS' UNLAWFUL ACTIVIES

22. The Cassini Marks are famous throughout the United States and the world for its various products.

23. OCI has spent considerable time, money and energy advertising and promoting the Cassini Marks and, as a consequence thereof, its marks have acquired extensive goodwill throughout the United States and the world.

24. Upon information and belief, long after OCI adopted the Cassini Marks, and long after those marks became famous, Serta and jcpenney began advertising Cassini branded mattresses which include but are not limited to the style titled "Perfect Day Cassini" mattress and "Cassini firm full mattress" online, through various distributors and web sites.

25. The order form on the jcpenney website refers to the item as "Cassini Firm Cali King Mattress" with the only change being to the size.

26. Serta is not an authorized licensee of OCI.

27. jcpenney is not an authorized licensee of OCI.

28. Upon information and belief, Serta and jcpenney wrongfully purchased metatags, keywords and sponsored links for the Plaintiff's trademarks.

29. Upon becoming aware of Serta's and jcpenney's infringing activities, OCI sent cease and desist letters to Serta and jcpenney demanding that the Defendants immediately cease using the Cassini Marks in any way or form.

30. After follow up correspondence, Serta agreed to "phase out" its Cassini model and jcpenney agreed to no longer "use" Cassini as a style designation on the products in question.

31. However, Serta and jcpenney refused to provide OCI with an accounting of the infringing products, its detailed plan to "phase" out the line and refused to do anything about the infringing products that had already been sold or distributed or to provide OCI with any specific details despite repeated requests.

32. Further, jcpenney refused to remove these mattresses from its floors and continues to use them as floor samples that are present or available for purchase.

33. OCI again wrote to Serta and jcpenney explaining that these issues must be addressed and rectified and that Serta and jcpenney must also contact Google® and any other contracted search engines to remove the infringing content which still provides links when a search for "Cassini mattresses" is entered.

## EFFECT OF SERTA AND JCPENNEY'S ACTIVITIES ON OCI AND ON THE CONSUMING PUBLIC

34. Defendants' unauthorized use of the Cassini Marks has caused confusion, mistake and is intended to deceive consumers as to the affiliation, connection or association of Serta and jcpenney with OCI, or as to the origin, sponsorship, or approval of the mattresses.

35. Defendants' unauthorized use of the Cassini Marks has diluted, or is likely to dilute the distinctive quality of the Cassini Marks.

36. Defendants' unauthorized use of the Cassini Marks falsely indicates to the purchasing public that Serta and jcpenney, their businesses, their websites, and/or their services originate with OCI, or are affiliated, connected or associated with OCI, or are sponsored,

endorsed or approved by OCI, or are in some manner related to OCI and its products and services.

37.     Defendants have unlawfully advertised the mattresses using the Cassini Marks and have wrongfully purchased and used metatags and sponsored links to trade off and use the Cassini Marks for commercial purposes without permission.

38.     Defendants' unauthorized use of the Cassini Marks falsely designate the origin of mattresses, and uses the Cassini marks to promote the sales of its counterfeit and/or unauthorized and unlicensed products.

39.     Defendants' unauthorized use of the Cassini Marks enables them to trade on and receive the benefit of good will built up at great labor and expense over many years by OCI, and to gain acceptance for their products on the reputation and good will of OCI and its products and services.

40.     Defendants have been unjustly enriched at OCI's expense by their unauthorized use of the Cassini Marks on the mattresses, websites and in advertisements.

41.     Defendants have not paid OCI any royalties or requested any permission for the use of the Cassini Marks, and have used the Oleg Cassini Marks to promote sales of mattresses, and unjustly enrich themselves.

42.     Defendants' unauthorized use of the Cassini Marks in the manner described above removes from OCI the ability to control the nature and quality of products and services provided under the Cassini Marks (or what is likely to be confused with the Cassini Marks), and places the valuable reputation and goodwill of OCI in the hands of the Defendants and third parties, over whom OCI has absolutely no control.

43.    Unless restrained by this Court, these acts of the Defendants will continue, and they will continue to cause irreparable injury to OCI and to the public for which there is no adequate remedy at law.

## FIRST COUNT
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1))

44.    Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 43 as if fully set forth herein.

45.    Plaintiff is the owner of the Cassini Marks which include Oleg Cassini® and Cassini®, which are valid, subsisting, in full force and effect and have become incontestable.

46.    Defendants' conduct alleged herein is likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

47.    Defendants had actual and constructive notice of Plaintiff's exclusive rights in the Cassini Marks before Defendants began to design, manufacture, distribute and/or sell the infringing mattresses.

48.    Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants had no right, license or authority to use the Cassini Marks.

49.    Defendants' conduct is intended to reap the benefit of the goodwill that Plaintiff has created in the Cassini Marks and constitutes infringement of Plaintiff's federally registered Cassini Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

50. By adopting and using the Cassini Marks, Defendants have caused and are causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff and to deceive consumers unless enjoined by this Court.

51. Plaintiff has no adequate remedy at law.

### SECOND COUNT
### UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

52. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 51 as if fully set forth herein.

53. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations and has resulted in dilution of a famous trademark.

54. As set forth hereinabove, OCI extensively marketed, promoted and used the Cassini Marks on a nationwide and international basis to identify goods it had designed and endorsed and to distinguish them from those designed by others. By reason of the distinctiveness of the Cassini Marks, these trademarks indicate to customers, potential customers and the trade that goods offered in connection with the Cassini Marks are associated with and authorized by OCI.

55. As a result of OCI's use of the Cassini Marks, the Cassini Marks have developed and have secondary and distinctive meaning to customers, potential customers and the trade so that the goods that are offered in connection with this trademark are known and understood to originate from, authorized by and are associated with OCI.

9

56. Defendants' use and continued use of the Cassini Marks will cause and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that Defendants' use of the Cassini Marks and the goods bearing that mark are authorized, endorsed, sponsored or approved by OCI.

57. Defendants' use of the Cassini Marks constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception and a use in commercial advertising and promotion which misrepresents the nature, characteristics, qualities and origin of Defendants' goods and commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

58. Defendants' use and continued use of the Cassini Marks is causing and, unless enjoined, will continue to cause irreparable harm and damage to OCI and its business, reputation and goodwill and has caused OCI to suffer monetary damages in an amount not thus far determined. Unless restrained and enjoined, Defendants' aforesaid acts will cause OCI irreparable harm and damage for which there is no adequate remedy at law.

## THIRD COUNT
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

59. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 58 as if fully set forth herein.

60. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(c), and is for dilution of a famous trademark.

61. The goods offered and sold under the Cassini Marks enjoy substantial sales and are widely recognized by the purchasing public throughout the United States to be of the highest

quality, which are offered and sold under superior merchandising and customer service conditions. As a result thereof, the Cassini Marks and the goodwill associated therewith are of inestimable value to OCI.

62. By virtue of the wide renown acquired by the Cassini Marks, coupled with the national and international distribution and sales of the goods and services offered under its trademarks, the Cassini Marks have become famous, and goods offered under its marks are immediately identified by the purchasing public with OCI.

63. Long after OCI's adoption and use of the Cassini Marks, Defendants used and continued to use the Cassini Marks in such a manner as to lessen the ability of the Cassini Marks to serve as an indicator of origin.

64. The activities of the Defendants complained of herein are willful and intentional and have caused the dilution of the famous Cassini Marks.

65. Defendants' use and continued use of the Cassini Marks have caused, are causing and, unless enjoined, will continue to cause irreparable harm and damage to OCI's reputation and goodwill and have caused OCI to suffer monetary damages in an amount not thus far determined.

66. Unless restrained and enjoined, Defendants' aforesaid acts will cause OCI irreparable harm and damage for which there is no adequate remedy at law.

### FOURTH COUNT
### COMMON LAW TRADEMARK INFRINGEMENT

67. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 66 as if fully set forth herein.

68. This claim arises under the common law of this State relating to trademark infringement and unfair competition.

69. As more fully set forth above, the Cassini Marks have a secondary meaning indicative of origin, relationship, sponsorship and/or association with OCI. As a result, the purchasing public and the trade are likely to attribute OCI to Defendants' use of the infringing "Cassini" mark as a source of origin, association, affiliation, authorization and/or sponsorship of the "Cassini" branded mattresses, and therefore, to purchase the Defendants' products based on that erroneous belief or, alternatively, attribute Defendants' use of the Cassini Marks as a source of origin, authorization and/or sponsorship of OCI, and therefore, to purchase the Defendants' goods based on that mistaken belief.

70. Upon information and belief, Defendants intentionally appropriated the Cassini Marks and the goodwill associated therewith with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, and/or association of Defendants' goods, and with the intent to palm off its goods as those of OCI, and, as such, Defendants have committed trademark infringement and unfair competition under the common law.

71. Defendants' use and continued use of the Cassini Marks have caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to OCI and its reputation and goodwill and have caused OCI to suffer monetary damages in an amount not thus far determined.

72. By reason of such infringement, unfair competition and misappropriation and by Defendants' promotion and offering of mattresses in connection with the infringing mark, Defendants have caused, and unless restrained and enjoined will continue to cause, irreparable injury to OCI's reputation and goodwill and otherwise damage OCI in an amount not thus far determined.

73.     Unless restrained and enjoined, Defendants' continuing acts of infringement and unfair competition will cause irreparable harm and damage to OCI for which there is no adequate remedy at law.

## FIFTH COUNT
## COMMON LAW UNFAIR COMPETITION

74.     Plaintiff repeats and incorporates by reference the allegations of paragraph 1 through 73 as if set forth at length herein.

75.     Defendants' conduct alleged herein is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

76.     Defendants' conduct constitutes unfair competition in violation of New York State common law.

77.     Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants had no right, license or authority to use the Cassini Marks or any other indication confusingly similar thereto.

78.     By adopting and using colorable imitations of the Cassini Marks, Defendants have caused and are causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff and to deceive consumers unless enjoined by this Court.

79.     Plaintiff has no adequate remedy at law.

## SIXTH COUNT
## DILUTION UNDER NEW YORK STATE LAW
### (N.Y. Gen. Bus. Law § 360-1)

80.     Plaintiff repeats and incorporates by reference the allegations of paragraph 1 through 79 as if set forth at length herein.

81.     The Cassini Marks are well known to consumers in the United States as being exclusively associated with Plaintiff and as a singular designation of the source of Plaintiff's goods.

82.     The Cassini Marks are inherently distinctive and have acquired distinctiveness as a result of Plaintiff's extensive promotion and use.

83.     Defendants' conduct alleged herein is likely to dilute, blur and tarnish the distinctive qualities of Plaintiff's Cassini Marks in violation of N.Y. Gen. Bus. Law § 360-1.

84.     By adopting and using colorable imitations of the Cassini Marks, Defendants have caused and are causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff and to deceive consumers unless enjoined by this Court.

85.     Plaintiff has no adequate remedy at law.

### SEVENTH COUNT
### NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES
### (N.Y. Gen. Bus. Law § 349)

86.     Plaintiff repeats and incorporates by reference the allegations of paragraph 1 through 85 as if set forth at length herein.

87.     By reason of the conduct alleged herein, Defendants have been and are engaged in deceptive and unfair activities in the conduct of a business, trade or commerce in violation of N.Y. Gen. Bus. Law § 349.

88.     Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

89.     By adopting and using colorable imitations of the Cassini Marks, Defendants have caused and are causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff and to deceive consumers unless enjoined by this Court.

90.     Plaintiff has no adequate remedy at law.

## EIGTH COUNT
### Unjust Enrichment

91. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 90 as if set forth at length herein

92. Defendants are selling mattresses using the Cassini Marks without any permission or license from OCI.

93. Defendants have wrongfully appropriated the goodwill of the Cassini Marks to promote products that are not sponsored or endorsed by OCI.

94. Defendants have wrongfully appropriated the Cassini Marks for its infringing mattresses for its benefit without providing any compensation to OCI.

95. The acts of the Defendants complained of herein constitute unjust enrichment on behalf of the Defendants at OCI's expense.

96. OCI has no adequate remedy at law. The unlawful activities of the Defendants described herein have caused, and if not enjoined will continue to cause, immediate and irreparable damage to the rights of OCI, to its Cassini Marks and to the business reputation and goodwill of OCI.

## PRAYER

WHEREFORE, Plaintiffs pray that:

(a) Judgment be entered for OCI and against Defendants in an amount to be determined at trial;

(b) Defendants, their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies and attorneys, and all other persons who are in active concert and/or participation with any of them (hereinafter referred to collectively as

"Defendants and their Agents"), be temporarily, preliminarily and permanently enjoined and restrained from using, registering, or trafficking in the manufacture, distribution, sale or advertisement of any Cassini branded products and that all advertisements associating the Cassini branded products with the Cassini Marks be ceased;

(c) Defendants and their Agents be temporarily, preliminarily and permanently enjoined and restrained from using any logo or trademark which falsely represent or deceives any person into believing that the infringing products are sponsored by or associated with the OCI;

(d) The U.S. Marshall seize all merchandise in Defendants' and their Agents' possession which bears the "Cassini" designation if same is not voluntarily tendered;

(e) Directing Defendants and their Agents to recall from any and all channels of distribution any products and/or sales, advertising or promotional material distributed by Defendants and their Agents bearing the "Cassini" designation with or without any of the Cassini Marks, logos or designations in violation of OCI's rights as decreed herein;

(f) The Court order that all metatags and sponsored links containing the Cassini Marks and any other associated derivative marks with the infringing Serta Mattress line be removed and/or terminated and that Defendants take all steps necessary to effect such actions;

(g) Defendants and their Agents be permanently enjoined and restrained from displaying or otherwise using the Cassini Marks, or any other mark that

is confusingly similar to the Cassini Marks or likely to dilute the distinctive quality thereof, on or in connection with any infringing products including its website, or any other websites or pages under Defendants' ownership or control, including in the titles of any sponsored advertising links or related search topics;

(h) Defendants and their Agents be permanently enjoined and restrained from secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or display of all unauthorized products that infringe upon the Cassini Marks;

(i) Defendants and their Agents be permanently enjoined and restrained from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions ser forth herein;

(j) Defendants and their Agents, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacle, advertisements, websites, and any other materials in Defendants' possession or control that bear or depict the Cassini Marks, including all plates, molds, mattress, and other means of making same;

(k) Defendants be ordered to file with this Court and serve upon OCI, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and in accordance with the requirements provided under 15 U.S.C. §1116;

(l) Directing Defendants to account to OCI for its profits arising from the conduct complained of herein pursuant to 15 U.S.C. §1117;

(m) Directing Defendants to deliver up for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all merchandise, labels, molds, or other materials in its possession, custody or control which bears any of the Cassini Marks or designation in violations of OCI' rights as decreed herein;

(n) Awarding OCI reasonable attorneys fees, taxable costs and disbursements pursuant to 15 U.S.C. §1117 in view of Defendants' willful infringement;

(o) OCI recover all damages sustained as a result of Defendants' unlawful activities, and that such damages be trebled;

(p) The Court finds that this is an "exceptional" case pursuant to 15 U.S.C. §1117;

(q) An equitable accounting be directed to determine Defendants' profits resulting from their activities complained of herein, and that such profits be paid over to OCI, recover an award of statutory damages of at least $150,000 per violation, as provided in the Lanham Act, including 15 § U.S.C. 1117(d) and 1114;

(r) For an assessment of the following profits, damages and fees: (1) damages suffered by OCI, trebled, including an award for all profits that Defendants have derived while using the Cassini Marks and brands, trebled, as well as costs and attorneys' fees to the fullest extent provided for by Section 35 of the Lanham Act, 15 § U.S.C. 1117; (ii) alternatively, that OCI be awarded statutory damages pursuant to 15 § U.S.C. 1117 (c) of up to $1,000,000.00 for each trademark that Defendants have pirated, counterfeited and infringed per type of goods sold by Defendants; (iii) profits, damages and fees, to the fullest extent available; and (iv) actual and punitive damages to the full extent available under common law;

(s) For an order requiring Defendants to disseminate corrective advertisements in a form approved by the Court, to acknowledge Defendants' violations of the law hereunder, and to ameliorate the false and deceptive impressions as a result of the infringing products that were disseminated and advertised to consumers;

(t) Defendants be ordered to pay pre-judgment interest, post-judgment interest, costs and reasonable attorneys fees to OCI; and

(u) OCI recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: November 29, 2011

                                              Respectfully submitted,

                                              REPPERT KELLY, LLC

                                              By: _/s/ J. Vincent Reppert_
                                              J. Vincent Reppert
                                              Attorneys for Plaintiff
                                              120 Mountain View Boulevard
                                              Post Office Box 509
                                              Basking Ridge, New Jersey 07920
                                              (908) 605-2120

                                              570 Lexington Avenue
                                              8th Floor
                                              New York, NY 10022
                                              (212) 490-0988