UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG CASSINI, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SERTA, INC., NATIONAL BEDDING COMPANY, LLC, J.C. PENNEY COMPANY, INC., J.C. PENNEY CORPORATION, INC. and JOHN DOES (1-10), <br><br> Defendants. | **Case No. 1:11-cv-08751-PAE** |

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

QB\15286072.6

Defendants Serta Inc., National Bedding Company, LLC, J.C. Penney Company, Inc., and JC Penney Corporation, Inc. moves this Court to dismiss plaintiff's cause of action pursuant to Rule 12(b) and this Court's inherent powers.

## I. INTRODUCTION

On November 10, 2011, Serta, Inc. filed an action against Oleg Cassini, Inc. for declaratory relief in the United States District Court for the Northern District of Illinois. Later that day, Serta sent a courtesy copy of the Illinois complaint to counsel for Oleg Cassini. Despite counsel's knowledge of the Illinois litigation, on December 1, 2011, Oleg Cassini filed a second action in this court. This second filed case is based on the same set of facts at issue in the first-filed Illinois case, and thus should be dismissed under the first-filed rule.

## II. BACKGROUND

On September 13, 2011, Oleg Cassini wrote Serta claiming that Serta's sale of the PERFECT DAY Cassini mattress model at J.C. Penney infringed on Oleg Cassini's trademark rights. While Serta did not believe that it had infringed any intellectual property rights of Oleg Cassini, in response to Oleg Cassini's letter and in an effort to resolve the issue without litigation, Serta promptly discontinued the sale of the PERFECT DAY Cassini mattress model. After several weeks of negotiation and notwithstanding Serta's efforts to amicably resolve the dispute, it became apparent that the parties could not resolve the issue absent litigation. As a result, Serta filed suit on November 10, 2011 in the United States District Court For the Northern District of Illinois seeking a Declaratory Judgment of Trademark Non-Infringement under 28 U.S.C. § 2201 (Case No. 1:11-cv-08004). A copy of the Complaint is attached as Exhibit A to the Declaration of Nicole M. Murray ("Murray Decl."). Later that day and in one last effort to try to resolve the issue, Serta's counsel mailed (but did not serve) a copy of the complaint and

associated documents to Oleg Cassini's counsel, J. Vincent Reppert. *See* Murray Decl., Exhibit B. Immediately thereafter, Mr. Reppert was quoted in various media outlets in response to the filing of the lawsuit. *See e.g.,* Exhibit C.

A week later, Oleg Cassini's counsel wrote Serta demanding that Serta dismiss its action in the Northern District of Illinois. *See* Exhibit D. Serta did not dismiss the Illinois action. Despite its knowledge of the Illinois action, less than two weeks later, on December 1, 2011, Oleg Cassini filed this action in the Southern District of New York. The New York case is based on the same facts and issues raised in the Illinois action. Specifically, Oleg Cassini claims that the sale and marketing of Serta's Perfect Day Cassini mattress model violates Oleg Cassini's trademark rights.

### III. ARGUMENT

#### A. This Action Should Be Dismissed Under the First-Filed Rule

It is beyond dispute that the first-filed action is in Illinois and that this action was filed with knowledge of that case. As a result, this action should be dismissed in favor of the Illinois action. Under the well-settled "first filed rule," when two courts have concurrent jurisdiction over an action involving the same parties and issues, the first-filed case should proceed. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994); *see also City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974). There is a strong presumption in favor of the forum of the first-filed suit. *Adams v. Jacobs*, 950 F.2d 89 (2d Cir. 1991) ("a party who first brings an issue into court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter."); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000). The second filed case should be dismissed without prejudice or stayed. *Byron v.*

*Genovese Drug Stores, Inc.*, No. 10-CV-03313, 2011 U.S. Dist. LEXIS 120210 (E.D.N.Y. Oct. 14, 2011).

Strong public policy implications support the first-filed rule. As noted by the *Byron* court, the first-filed rule was adopted to promote efficiency in the court system by avoiding duplicative litigation and "protects parties from having to litigate the same issue in multiple venues." *Byron* at *5, 6. Because of these important public policy considerations, the first-filed rule should not be disregarded lightly. *Id.*

Application of the first-filed rule requires that the "claims, parties, and available relief do not significantly differ between the actions." *Id.* at *7. The issues need not be identical. *GT Plus, Ltd. v. JA-RU, Inc.*, 41 F. Supp. 2d 421 (S.D.N.Y. 1998); *Mfrs. Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992) ("The interests of justice require that the cases be related, not identical"). Similarly, the named parties need not be the same, provided that they are in privity or "represent the same interests." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997); *Byron*, 2011 U.S. Dist. LEXIS 120210, at *8.

### B. The Claims, Parties, and Relief Are Significantly Intertwined To Justify the Application of the First-Filed Rule

The claims, parties, and relief sought in this action and in the Illinois action are the same for purposes of application of the first-filed rule. The three additional defendants named here all have the same interests and the claims against them would be resolved by Serta's first-filed Illinois action. Specifically, National Bedding Company is a licensee of Serta, Inc. and is the majority shareholder of Serta, Inc. Therefore, Serta and National Bedding Company are in privity and are the same parties for purposes of the first-filed rule. *Howard*, 977 F. Supp. at 664.

In addition, the J.C. Penney defendants are Serta's customers and merely sold products provided by Serta. There are no other J.C. Penney sales at issue in either litigation.

Further, the J.C. Penney defendants tendered, and Serta accepted, the defense of this claim. Thus, the resolution of any claims against Serta will also resolve any claims against the J.C. Penney defendants. Accordingly, the J.C. Penney defendants in the second-filed action have the same interests as Serta and the parties are the same for purposes of the first-filed analysis. *Id.*

Not only are the parties duplicative, the claims are duplicative because both actions arise out of the same facts and circumstances and the relief sought in both actions is the same. Specifically, in the Illinois case, Serta has asked for a declaratory judgment of non-infringement and an injunction preventing Oleg Cassini from further threatening, prosecuting, or instituting any action against Serta or its customers for infringement of the alleged Oleg Cassini trademark. All of the claims in the New York case are directed to the sale of the PERFECT DAY Cassini mattress model and the use of the name "Cassini" by Serta; its licensee and shareholder, National Bedding Company; and its customer, J.C. Penney. The claims and relief sought by the parties in each of the actions are directly related to the trademark infringement alleged by Oleg Cassini and arise out of the same nexus of common facts.

Accordingly, because both actions involve common parties and common questions of law and fact, the first-filed rule directs that this action should be dismissed in favor of the pending first-filed action in the Northern District of Illinois.

### C. Oleg Cassini Cannot Show Special Circumstances

Only upon a showing of "special circumstances" may a Court justify an exception to the first filed rule. *Schnabel v. Ramsey Quantitative Sys.*, 322 F. Supp. 2d 505, 510 (S.D.N.Y. 2004). Special circumstances may be present where the first-filed suit is (1) an "improper anticipatory filing or one made under the apparent threat of a presumed adversarial filing the mirror image of that suit in a different federal district" or (2) the result of forum shopping. *800-*

*Flowers, Inc.*, 860 F. Supp. at 132; *see also, Schnabel*, 322 F. Supp. 2d. Neither circumstance is present here.

An anticipatory filing requires more than a generalized threat of litigation - there must be notice of a filing date and/or specific forum. *J. Lyons & Co. Ltd v. The Republic of Tea, Inc.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995); *Fed. Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347 (S.D.N.Y. 1992) (finding a special circumstance existed when a letter stated that if the sender's claim was not satisfied by a specific date, then the sender would sue); *Chicago Ins. Co. v. Holzer*, 2000 U.S. Dist. LEXIS 8327, (S.D.N.Y. June 16, 2000) (deciding a special circumstance existed when the notice letter gave a 48 hour deadline with a specific jurisdiction); *Mondo, Inc. v. Spitz*, 1998 U.S. Dist. LEXIS 369 (S.D.N.Y. Jan. 16, 1998) (holding a special circumstance existed when the letter included a direct threat of litigation that included the specific venue).

Here, in the nearly three months of negotiation preceding litigation, there was no mention of a filing date or a forum. Rather, twice Oleg Cassini generally threatened that "if we do not receive this information, we will proceed to file suit." *See* Murray Decl. Exhibit E-F. These general allegations of threatened litigation are insufficient to meet the anticipatory filing standard. Indeed, if the first-filed rule could always be used to defeat the declaratory judgment plaintiff's forum, "a defendant filing a second suit in a forum more favorable to defendant could always prevail under the anticipatory filing exception." *800-Flowers, Inc.*, 860 F. Supp. 128, 132; *Everest Capital Ltd. v. Everest Funds Mgmt.*, L.L.C., 178 F. Supp. 2d 459, 469-70 (S.D.N.Y. 2002); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54-55 (S.D.N.Y. 2001); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150-52 (S.D.N.Y. 1995).

Therefore, Serta's first-filed action is not an "anticipatory filing" justifying disregarding the strong presumption of the first-filed rule.

The filing of the Illinois case was likewise not forum shopping. Serta has strong ties to the Northern District of Illinois. Serta's principal place of business is in Illinois. The alleged infringing products were developed and sold in Illinois. Much of the discovery needed will be centered in Illinois. For at least these reasons, Serta has strong ties to the Northern District of Illinois and has an interest of adjudicating a ripe legal issue in a forum convenient to it.

Forum shopping occurs "when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996); *Everest Capital Ltd. v. Everest Funds Mgmt.*, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002). Forum shopping is not present where a party appropriately "files a declaratory judgment action in the forum most convenient to him to resolve a ripe legal dispute." *Schnabel*, 322 F. Supp. 2d. The Illinois action was not the result of forum shopping.

## IV. CONCLUSION

The same parties are involved in litigation over the same subject matter in both the Northern District of Illinois and here. Pursuant to the first filed rule, this action should be dismissed in favor of the earlier filed action in Illinois. Alternatively, should this Court find dismissal inappropriate, Defendants ask that this action be transferred to the United States District Court for the Northern District of Illinois so that the cases can be consolidated to conserve judicial resources.

Dated: New York, New York
January 5, 2012

                                       LEADER & BERKON LLP

By: _____
JAMES K. LEADER (JL-9417)
THOMAS K. RICHARDS (TR-8945)
630 Third Avenue
New York, NY 10017
Telephone: (212) 486-2400
Facsimile: (212) 486-3099
Email: jkleader@leaderberkon.com

&

Nicole M. Murray, Esq.
Quarles & Brady LLP
300 North LaSalle Street
Suite 4000
Chicago, Illinois 60654
P: (312) 715-5241
F: (312) 632-1780
*Attorneys for Defendants*

TO: J. Vincent Reppert
Reppert Kelly, LLC
570 Lexington Ave., 8th Floor
New York, New York 10022