UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
OLEG CASSINI, INC.,                                     :
                                                        :
        Plaintiff,                                     : **CIVIL AC. NO.** 11-CV-8751 (PAE)
                                                        :
        vs.                                            :
                                                        :
SERTA, INC., NATIONAL BEDDING                           :
COMPANY, LLC D/B/A SERTA                                :
MATTRESS, J.C. PENNEY COMPANY,                          :
INC.,  JC PENNEY CORPORATE, INC.,                       :
AND JOHN DOES (1-10),                                   :
                                                        :
        Defendants.                                    :
------------------------------------------------------- x

**PLAINTIFF, OLEG CASSINI, INC.'S, MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

On the Brief                          Reppert Kelly, LLC
Julius Vincent Reppert                120 Mountain View Blvd.
                                      Post Office Box 509
                                      Basking Ridge, NJ 07920
                                      (908) 605-2120 Telephone
                                      (908) 605-2121 Fax

                                      570 Lexington Avenue
                                      8th Floor
                                      New York, New York 10022
                                      (212) 490-0988  Telephone
                                      (212) 490-0287  Fax

                                      jvreppert@reppertkelly.com
                                      **Counsel for Plaintiff,
                                      Oleg Cassini, Inc.**

## INTRODUCTION

This action arises out of the unlawful and unauthorized use by Defendants, Serta Inc., National Bedding Company, LLC d/b/a Serta Mattress (collectively referred to herein as "Serta"), J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc. (collectively referred to as "JCP"), of various registered trademarks belonging to Plaintiff, Oleg Cassini, Inc. ("OCI"). Notwithstanding the foregoing, Defendants have moved this Court for an Order dismissing Plaintiff's Complaint on the basis of the "first-filed rule" relying solely on a preemptive and baseless declaratory judgment action commenced by Serta in the Northern District of Illinois.

As set forth herein, Defendants are not entitled to the presumptions afforded by the "first-filed rule". Plaintiff is clearly the real party in interest whose rights require adjudication by the Court. The action commenced by Defendants was filed in the midst of settlement discussions and in direct response to Plaintiff's threatened litigation. Where, as here, a party files an improper declaratory judgment action in anticipation of a claim, the "first-filed rule" is inapplicable. Rather, the "natural" plaintiff – OCI – whose rights and interests are at stake has the right to proceed in its chosen forum. Accordingly, Defendants' motion to dismiss must be denied.

## FACTUAL BACKGROUND

OCI was founded in 1951 by Oleg Cassini, an internationally renowned designer. OCI is a New York corporation. OCI maintains its showroom and business offices in New York City. The majority of its employees work out of its New York City location. It does not have any offices or employees in Illinois. The Defendants sell, advertise and distribute products throughout the country including in this jurisdiction and, upon information and belief, have numerous offices throughout the country, including in the State of New York.

OCI is engaged in the business of designing, distributing and licensing the names and trademarks OLEG CASSINI®, CASSINI® and other marks incorporating these names (the "Cassini Marks") on a wide variety of merchandise including, but not limited to, apparel, home goods, bedding, mattresses and other houseware type items, luggage, bridal wear, eyewear, jewelry, fragrances, hosiery, shoes, clocks, watches, brief cases and many other items.

Over the years, the Cassini Marks have also been used and licensed for mattresses, bedding and linens. OCI through its licensee, Burlington Industries ("Burlington"), developed a very successful bedding line for Defendant JCP whose various style names included "Cassini Flowers," "Cassini Lily", "Cassini Stripe" and "Cassini Pyramid". Similarly, OCI through Burlington licensed and produced a high end Cassini branded line of mattresses distributed to Sealy. Bedding lines bearing the Cassini Marks have also been designed and sold to other large department stores.

In or about mid-September of 2011, OCI became aware that "Cassini" branded mattresses were being sold on the JCP website. After discovering Defendants were responsible for placing into the stream of commerce a mattress bedding line being sold at www.jcpenney.com entitled "Cassini Firm [size] Mattress," (hereafter the "Infringing Product") counsel for OCI was retained and a cease and desist letter was immediately sent to Serta on October 6, 2011. (*See* Declaration of J. Vincent Reppert ("Reppert Decl.") at ¶ 3; Exhibit F to the Declaration of Nicole M. Murray ("Murray Decl.") included with Defendants' moving papers). In this initial communication, Serta was advised that the sale of the Infringing Product must be immediately ceased and of OCI's intention to commence an action if an appropriate and timely response was not received.[1] A similar letter was sent to JCP on October 10, 2011. (Reppert

---

[1] Counsel for Serta first communicated directly with OCI and advised, among other things, in its letter dated September 23, 2011, that there was no infringement and that "Serta **intends to phase out** the use of the Perfect Day

Decl. at ¶ 3).

By letter dated October 14, 2011, counsel for Serta acknowledged receipt of OCI's cease and desist letter and stated its position regarding OCI's claims. (Reppert Decl. at ¶ 4). By letter dated October 17, 2011, counsel for OCI replied to Serta's counsel with a counter proposal and requested additional information. (Reppert Decl. at ¶ 5). This letter further expressly indicated that if the requested information was not received, OCI would file suit. (Murray Decl. at Exhibit E).

Thereafter, counsel for OCI and Serta engaged in discussions. In early-November, Serta requested that OCI make a demand to resolve the dispute. (Reppert Decl. at ¶ 6). OCI responded by providing Serta with its demand and, per the conversations with Serta's counsel, expected that it would receive a response to the demand and that the parties would engage in further good-faith settlement efforts. Counsel for Serta expressly advised OCI's counsel that she would speak with her client, and would get back to OCI's counsel to discuss the matter further. (Reppert Decl. at ¶ 6).

Rather than responding to the good faith settlement proposal, however, Serta, without any warning, ambushed OCI by filing an improper declaratory judgment action on November 10, 2011, in the Northern District of Illinois, Civil Action Number 11-CV-08004, entitled *Serta, Inc. v. Oleg Cassini, Inc.* (the "Illinois Action"). Not surprisingly, the action was commenced in Serta's – the infringer – home state of Illinois, while OCI was waiting in good faith for Serta's response. The Illinois Action was commenced solely by Serta, Inc., seeking a declaration that it had not infringed upon the Cassini Marks. (*See* Murray Decl. at Exhibit A). Serta then

---

"Cassini" model in the ***first quarter of 2012[.]***" (emphasis added) (*See* Exhibit A to Reppert Decl.) Defendants' memorandum of law, therefore, falsely implies that Serta immediately discontinued the sale of the Infringing Product as this letter clearly indicates its intent to continue selling the infringing product line into 2012. The letter also baselessly claimed that "Cassini" was widely used and, therefore, no likelihood of confusion existed.

3

proceeded to transmit a copy of the Illinois Action to OCI and requested that OCI withdraw its demand by overnight mail. (Reppert Decl. at ¶ 7; Murray Decl. at Exhibit B).

Despite Serta's underhanded tactics, OCI continued to attempt to engage Defendants in good faith settlement discussions. OCI transmitted a follow up correspondence to Serta on November 18, 2011.[2] (Reppert Decl. at ¶ 8; Murray Decl. at Exhibit D). Upon receipt of Serta's counsel's letter dated November 22, 2011, it became clear that settlement negotiations had stalled. Accordingly, on December 1, 2011, OCI filed the within action for trademark infringement in the United States District Court for the Southern District of New York (the "New York Action"). (Reppert Decl. ¶ 8) OCI effected service on Serta and JCP on December 2, 2011. (Reppert Decl. ¶ 9.) In addition to Serta, Inc., National Bedding Company, LLC d/b/a Serta Mattress, J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc. are named in this action as a result of their role in manufacturing, distributing, and/or selling the Infringing Product. (Reppert Decl. ¶ 10).

OCI has filed a motion to dismiss the Illinois Action and assorted relief. (See Exhibit B to the Reppert Decl., attaching OCI's Memorandum of Law in support of its motion in the Illinois Action).

---

[2] Counsel for JCP has been copied on all recent correspondence and its counsel has acknowledged receipt of all correspondence by and between all parties.

**LEGAL ARGUMENT**

Defendants' motion to dismiss must be denied because: (1) Defendants' anticipatory and preemptive declaratory judgment action is not entitled to the presumptive protections of the first-filed rule; and (2) equity and fundamental fairness favor adjudication of this action in New York.

I. **DEFENDANTS' IMPROPER, ANTICIPATORY, AND PREEMPTIVE FILING IN ILLINOIS IS NOT ENTITLED TO ANY PROTECTION BY THIS COURT UNDER THE "FIRST-FILED RULE".**

Defendants should not be heard to invoke the protections of the first-filed rule where, as here, it is undisputed that Plaintiff is the true party whose interests are the subject of both actions; and Defendants clearly and shamelessly lulled Plaintiff into settlement negotiations, only to surreptitiously file a preemptive action in a jurisdiction it deems more favorable.

"The first-to-file rule states: 'where there are two competing lawsuits, the first suit should have priority, absent special circumstances . . . giving priority to the second.'" Robeson v. Howard University, Civ. Ac. No. 00-7389(GBD), 2002 U.S. Dist. LEXIS 1370, at *6 (S.D.N.Y. Jan. 30, 2002)(quoting First City Nat. Bank and Trust Co. v. Simmons, 879 F.2d 76, 79 (2d Cir. 1989)) (ellipses in original).  Contrary to Defendants' contentions, however, *the first-filed "presumption . . . is not to be applied in a 'rigid' or 'mechanical way,' and is quite commonly overcome where circumstances warrant."*  Dornoch Ltd. v. PBM Holdings, Inc., 666 F. Supp. 2d 366, 369 (S.D.N.Y. 2009) (citations omitted).

Special circumstances sufficient to overcome the presumption in favor of the first-filed action "are present, for example: (1) where the first suit was filed as a result of forum shopping; (2) when the first suit constitutes an improper anticipatory filing; or [(3)] when a party is prepared to pursue a lawsuit, but first attempts a settlement and her adversary takes advantage of the situation by filing suit." Raytheon Co. v. National Union Fire Insurance Co., 306 F. Supp. 2d

5

346, 352 (S.D.N.Y. 2004). The first filed rule is also generally given little weight when the competing suits are filed closely together and, therefore, there is no prejudice in dismissing the earlier filed action. See Id. at 352 ("where the two actions were filed within a short span of time, the court may afford a diminished degree of deference to the forum of the first filing"); see also American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. LaFarge N.A., Inc., 474 F. Supp. 2d 474, 489 (S.D.N.Y. 2007) ("where suits are filed in quick succession and/or the court with the first filed action has done little with respect to it, the rule carries less weight").

Moreover, it is clear that preemptive declaratory judgment actions are subject to particularly heightened scrutiny. This Court has unequivocally recognized that:

> the Declaratory Judgment Act was not designed to countenance such procedural manipulation of forums and actions. In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action. Further, in a declaratory judgment action, which is the first filed action, a notice letter is a factor weighing in favor of permitting the second action to take priority.

Federal Ins. Co. v. The May Dept. Stores Co., 808 F. Supp. 347, 350 (S.D.N.Y. 1992)(internal citations and quotations omitted). Accordingly, "where the first-filed case is a declaratory judgment action precipitated by a demand letter and filed in anticipation of the later action, the second-filed action will be permitted to go forward in a plaintiff's chosen forum." Gross v. Bare Escentuals, Inc., Civ. Ac. No 03-3089(RLC), 2006 U.S. Dist. LEXIS 79320 at*8 (S.D.N.Y. Oct. 25, 2006)(internal quotations omitted).

Simply stated, ***"[p]recedence is not afforded to a declaratory judgment action filed specifically to gain the 'home field advantage' over an imminent coercive suit***. […] [Rather,] [d]ismissal of such an improper action is appropriate […].'" Chicago Ins. Co. v. Holzer, Civ. Ac. No. 00-1062(SAS), 2000 U.S. Dist. LEXIS 8327, at *4 (S.D.N.Y. June 15, 2000)(internal

6

citations omitted). Thus, "[c]ourts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff." National Union Fire Ins. Co. of Pittsburgh, PA. v. International Wire Group, Inc., Civ. Ac. No. 02-10338 (SAS), 2003 U.S. Dist. LEXIS 9193, at *18-19 (S.D.N.Y. June 2, 2003);

Under the forgoing standard, it is clear that Defendants are not entitled to invoke the first-filed rule. The correspondence presented on this motion, Serta's own conduct, and its pleading in the Illinois Action, make clear that the declaratory judgment complaint was an improper anticipatory filing. Specifically, OCI's letter dated October 6, 2011, expressly stated that if Serta did not take appropriate measures to remedy its infringement "an action to enjoin Serta" would be commenced. (Reppert Decl. at ¶ 3). The letter further directed Serta to place a "litigation hold" on all document destruction policies as of the date of the letter. (Reppert Decl. ¶ 3). As a result of this letter, counsel for both parties engaged in discussions. When Serta expressly requested a settlement demand from OCI, one was provided and counsel for Serta represented that she would speak with her client regarding the demand and respond.

Defendants, therefore, clearly anticipated and understood that, unless they properly responded, an action would be filed immediately. Rather, than properly respond, however, Serta used this time to prepare a complaint to ambush OCI and to "head off" the impending suit. (Reppert Decl. at ¶¶ 6-7). Defendants' reliance on J. Lyons & Co., Ltd. v. The Republic of Tea, Inc., 892 F. Supp. 486 (S.D.N.Y. 1995), and Chicago Ins. Co., *supra,* for the proposition that Plaintiff's threat of litigation was not sufficiently specific is misplaced. The court in J. Lyons found that the cease and desist letter whose "…only reference to legal action was that Lyons 'will be constrained to pursue appropriate legal steps' against Republic [the infringer] if Republic chose not to comply" was not sufficient notice. Id. at 489. The court also found

7

persuasive that when the alleged infringers refused to cease and desist, counsel "…responded that it would take the response 'under advisement'". Id. at 491. Thus, J. Lyons, at best, supports the proposition that a filing is not anticipatory where there is "no indication that defendants actually anticipated litigation…" Id. In fact, in Chicago Ins. Co., the court clearly recognized that "[t]here is no requirement that a party designate a specific forum in order to provide notice of a firm intention to sue" Chicago Ins. Co., 2000 U.S. Dist. LEXIS 8327 at *7.

Moreover, the Complaint filed by Serta, Inc., in the Illinois Action on its face clearly indicates that Defendants were aware that litigation by OCI was imminent stating, in relevant part, OCI "persisted in its demands and threatened to initiate litigation against Serta and its customer, jcpenney." (*See* Murray Decl. at Exhibit A). It further alleged that it was these threats of imminent litigation that established a controversy that prompted Serta to seek a declaratory judgment. Id. at ¶ 16. Based upon the foregoing, it is clear that the Illinois Action was an improper anticipatory lawsuit that is not sufficient to trigger the first filed rule. *See* Scarola Ellis LLP v. Skyworks Venutres, Inc., Civ. Ac. No. 09-10003(DLC), 2010 U.S. Dist. LEXIS 90721, *11 (S.D.N.Y. Sept. 1, 2010) (finding an improper anticipatory lawsuit where the plaintiff received notice of an imminent lawsuit in an unspecified forum).

Additionally, it is clear that Serta surreptitiously filed the Illinois Action after misleading Plaintiff into believing that it was engaging in good-faith settlement discussions. As noted, less than two weeks before filing the Illinois action, counsel for Serta advised OCI's counsel that she would speak with her client about a possible settlement and get back to OCI's counsel to discuss the matter further (Reppert Decl. at ¶ 6). Based upon these representations, OCI reasonably believed that it was in the process of attempting to work out a settlement with Serta. (Reppert Decl. ¶ 6.) Rather than responding to OCI's good faith settlement proposal, Serta ran to court in

Illinois and filed an improper declaratory judgment action. (Reppert Decl. ¶ 7).

Defendants' conduct simply cannot be countenanced by this Court. "A party [simply] may not exploit the first-to-file rule by expressing a willingness to negotiate in order to delay his adversary's filing and thereby, win the 'race to the courthouse.'" Robeson, 2002 U.S. Dist. LEXIS 1370 at *7 (citing Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150-51) (S.D.N.Y. 1995)). OCI has, at all times, acted in good faith and timely initiated this action once it realized negotiations would be futile. Defendants should not be rewarded for their deceptive and misleading conduct by forcing Plaintiff to litigate its rights in another jurisdiction.

## II.  EQUITY AND FUNDAMENTAL FAIRNESS FAVOR ADJUDICATION OF THIS ACTION IN NEW YORK.

In addition to the foregoing, the respective equities of the parties and fundamental fairness favor adjudication of this action in New York. It is clear that even where there are no special circumstances rebutting the presumption of the "first-filed rule", the Court may still depart from the rule where the balance of convenience and the equities favors the second jurisdiction. Reliance Insurance Co. v. Six Star, Inc., et al., 153 F. Supp. 2d 49, 56 (S.D.N.Y. 2012); Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994).

This is a clear instance in which Defendants have used the Declaratory Judgment Act in an effort to select a forum that they deem more favorable and convenient to them, without regard for Plaintiff. OCI is incorporated in the state of New York and its business offices and showrooms are located within the Southern District of New York. (*See* Declaration of Marianne Nestor ("Nestor Decl.") at ¶ 2 attached to Reppert Decl. as Exhibit C). OCI and all of its potential witnesses currently reside in the State of New York and within the Southern District of New York. (*See* Reppert Exhibit C, at ¶ 2)  OCI has no employees in Illinois nor has it ever had any offices there. Id. All of its business records are maintained in New York. Id. All of its

9

employees are based in New York.  Id.

As such, all of the individuals who have relevant knowledge related to the issues raised in this action are all located within the boundaries of the Southern District of New York. Moreover, all of the files that may be relevant to OCI's claim are located in New York. Accordingly, it would be extremely disruptive to the OCI operations and costly to OCI to have to pursue this action in another forum.  Most importantly, however, this is an action – whether styled as an affirmative claim by Plaintiff or a declaratory judgment by Defendants – that indisputably involves OCI's right to protect its registered intellectual property rights.  As such, OCI, the natural plaintiff in this infringement action, should not have the courthouse doors shut to it, only to have to litigate its rights in another, significantly less convenient forum

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully submits that Defendants' motion to dismiss the New York Action be denied, and for such additional relief as the Court deems just and proper.

Date:  January 19, 2012     Respectfully submitted,

**Reppert Kelly, LLC**

By:     s/ J. Vincent Reppert
_____
Julius Vincent Reppert
jvreppert@reppertkelly.com
Reppert Kelly, LLC
120 Mountain View Blvd.
Post Office Box 509
Basking Ridge, NJ 07920
(908) 605-2120 Telephone
(908) 605-2121 Facsimile
*Counsel for Oleg Cassini, Inc.*