UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

OLEG CASSINI, INC.,                                 :

                                                    :            11 Civ. 8751 (PAE)

                                 Plaintiff,      :

                     -v-                           :           <u>OPINION & ORDER</u>

                                                      :

SERTA, INC. et al.,                                   :

                                 Defendants.  :

                                                      :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Oleg Cassini, Inc. ("OCI") brought this action against defendants Serta, Inc. ("Serta"), National Bedding Company, LLC ("National Bedding"), J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc. (collectively, "Defendants") alleging that Defendants had infringed OCI's trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(*l*) and New York state law. Defendants have moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b), based on the first-filed doctrine. For the following reasons, the Court grants Defendants' motion to dismiss.

**I.    Background**[1]

       Serta is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Serta primarily manufactures, markets, and sells mattresses. J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. (collectively, "J.C. Penney") are Delaware corporations with

---

[1] The Court's account of the underlying facts is drawn from OCI's Complaint, declarations from each party, the transcript of a hearing before the Court held on February 11, 2012, and from the written communications between the parties in September, October, and November 2011. *See* Decl. of J. Vincent Reppert ("Reppert Decl."); Decl. of Nicole M. Murray ("Murray Decl."). Except where specifically referenced, no further citation to these sources will be made.

department stores that sell, advertise, and distribute such mattresses throughout the country. National Bedding is a licensee and majority shareholder of Serta.

OCI is a New York corporation, originally founded by Oleg Cassini, a recognized designer. OCI trademarks have been licensed for a wide variety of merchandise, including a Cassini-branded line of mattresses.

In September 2011, OCI became aware that Serta mattresses branded under the name "Cassini" were being sold on the J.C. Penney website. On September 13, 2011, OCI sent a letter to Serta alerting Serta to its interest in Cassini-related trademarks and asking to speak with a Serta representative regarding the mattresses sold on the J.C. Penney website under the Cassini name. *See* Murray Decl. Ex. A. The letter further alerted Serta that a similar letter had been sent to J.C. Penney. Serta responded by letter 10 days later, stating that it would discontinue the Cassini-branded line of mattresses by the first quarter of 2012. Feb. 16, 2012 Hearing Tr. 10:18–20.

On October 6, 2011, OCI sent a second letter to Serta, asserting that Serta's sale of its Cassini-branded line of mattresses constituted trademark infringement and unfair competition under the Lanham Act. *See* Reppert Decl. ¶ 3; Murray Decl. Ex. F. The letter demanded that: (1) Serta's marketing and sale of the allegedly infringing product immediately cease; (2) Serta furnish OCI with written assurance that all sales had been discontinued; (3) Serta provide written notice to all retailers that the line of mattresses had been discontinued; and (4) Serta provide OCI with an accounting that included, *inter alia*, the total sales of Cassini-branded mattresses. OCI's letter stated that if an appropriate response was not received, OCI would "take further action under the law to protect our client's rights." Murray Decl. Ex. F. On October 10, 2011, OCI sent a similar letter to J.C. Penney. *See* Reppert Decl. ¶ 3.

On October 14, 2011, Serta sent a response to OCI's second letter, stating that although it did not believe that OCI's claims of infringement were well founded,[2] Serta had discontinued the Cassini-branded line of mattresses on October 11, 2011. *See* Reppert Decl. Ex. A. Serta asserted that because the line of mattresses in question had been discontinued, and because all remaining floor samples were expected to be sold within two weeks, Serta considered the matter closed.

On October 17, 2011, OCI sent a third letter to Serta, asserting that discontinuing the Cassini-branded line of mattresses was insufficient to close the matter, and demanding (1) a full accounting of revenue received through sales of the Cassini mattresses, (2) that no floor samples of the Cassini mattresses be available for purchase, and (3) that Serta and J.C. Penney contact various search engines to remove all links to websites with information regarding Serta's Cassini-branded mattresses. OCI stated that if Serta did not supply the accounting, OCI would "proceed to file suit." Murray Decl. Ex. C. On November 1, 2011, OCI sent a similar letter to J.C. Penney reasserting its claims, and stating that if OCI did not receive a "full accounting" of revenues, OCI would "proceed to file suit." Murray Decl. Ex. A.

On October 20, 2011, counsel for J.C. Penney sent a letter responding to OCI's letter of October 10. It explained that "jcpenney is no longer using Cassini as a style designation on the products in question." Murray Decl. Ex. A. J.C. Penney asserted that because the line of mattresses in question had been discontinued, J.C. Penney considered the matter closed.

---

[2] Serta claims that it marketed its "Cassini" branded line of mattresses "as part of a celestial, outer space theme line of mattresses," which included "the Eclipse, the Gemini, the Moon Escape, the Onyx Moon, the Orion, the Pis[c]es, the Sirius, the Stellar, the Taurus, and the Nebula." Feb. 16, 2012 Hearing Tr. 9:24–25; 10:1–3. Serta maintains that the name "Cassini" was "inspired by the famous astronomer Giovanni Domenico Cassini, an Italian/French astronomer who lived from 1625 to 1712." *Id.* at 10:4–6.

On November 1, 2011, the same date as OCI's second letter to J.C. Penney, counsel for OCI and Serta engaged in telephonic settlement discussions. Although OCI made a monetary demand, no resolution of the dispute was achieved.

On November 10, 2011, Serta filed an action against Cassini for declaratory relief in the United States District Court for the Northern District of Illinois (the "Illinois action"). The same day, Serta sent a final letter to OCI in which it reasserted that Serta had taken steps to discontinue all sales of the Cassini-branded line of mattresses as soon as it had received the initial communication from OCI. Serta further explained that it was "shocked" by OCI's demand for $100,000, explaining that "Serta's gross wholesale sales . . . was well less than this demand." Murray Decl. Ex. B. Serta alleged that the OCI demand was "not only unreasonable, it is sanctionable." *Id.* In a final attempt to resolve the matter outside of litigation, Serta informed OCI that, although it had filed the declaratory judgment action, it was withholding service of the Complaint in hopes that OCI would withdraw its monetary demand.

On November 18, 2011, OCI sent a letter to Serta asserting that it had a meritorious infringement claim, and demanding that Serta "withdraw its frivolous action" filed in the Illinois court. Murray Decl. Ex. D.

On December 1, 2011, Cassini filed the Complaint in the present action.

On January 5, 2012, defendants filed this motion, seeking dismissal of this action in favor of the Illinois action based on the first-filed doctrine.

On January 19, 2012, Cassini filed a motion to dismiss in the Illinois case. *See* Reppert Decl. Ex. B.

On February 16, 2012, oral argument was held on the motion to dismiss in this case.

**II.     The First-Filed Rule**

Serta and OCI are parties to two mirror-image cases in federal court involving Serta's Cassini-branded line of mattresses:  Serta's declaratory judgment action in Illinois; and OCI's trademark infringement claim in this Court.  Because the Illinois action was filed on November 10, 2011, and the present action was filed on December 2, 2011, the suit pending in Illinois is the first-filed suit.

Under the first-filed doctrine, when competing lawsuits have been filed in different courts relating to the same controversy, ordinarily, "the first suit should have priority," and the later-filed suit should be dismissed.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  For the rule to apply, the "claims, parties, and available relief" must not "significantly differ between the actions."  *Byron v. Genovese Drug Stores, Inc.*, No. 10-cv-3313, 2011 WL 4962499, at *3 (E.D.N.Y. Oct. 14, 2011).  However, the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests.

The first-filed rule has long been applied in this Circuit.  *See Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *D.H. Blair & Co.*, 462 F.3d at 106.  The rule "protects parties from having to litigate the same issue in multiple venues," and it promotes judicial efficiency by avoiding unnecessarily duplicative litigation.  *Byron*, 2011 WL 4962499, at *6.  Because parties "should be free from the vexation of concurrent litigation over the same subject matter," there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit.  *Adam et al. v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (citing *Nat'l Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961)).[3]

---

[3] As a general rule, when deciding the application of the first-filed rule to concurrent actions, "the court in which the first of two overlapping cases was filed must determine which forum will hear the case."  *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11-cv-5453, 2011 WL

The presumption in favor of the first-filed suit, however, "is not to be applied in a 'rigid' or 'mechanical' way." *Dornoch Ltd. v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 369 (S.D.N.Y. 2009) (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747 (S.D.N.Y. 1977)). It "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Employers Ins. of Wausau*, 522 F.3d at 275. In particular, the Second Circuit has recognized two exceptions to the first-filed rule: (1) where "special circumstances" exist; and (2) where "the balance of convenience favors the second-filed action." *Id.* at 276; *Byron*, 2011 WL 4962499, at *3. In considering whether one of these exceptions applies, a district court is to "consider the equities of the situation when exercising its discretion," rather than applying a "rigid test." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006). For example, the strength of the presumption "is diminished where there has been little progress in the first-filed action." *Pippins v. KPMG LLP*, No. 11-cv-377, 2011 WL 1143010, at *4 (S.D.N.Y. Mar. 21, 2011).

## III.  Application of the First-Filed Rule Here

The predicate for applying the first-filed rule clearly exists here. The claims, parties, and relief sought in the Illinois case are overwhelmingly the same or similar. The claims in both cases arise out of the identical facts and the same communications between the same parties.

---

5245192, at *2 (S.D.N.Y. Nov. 2, 2011) (slip op.) (citing *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002)). That practice helps assure against the risk of inconsistent results, and facilitates resolution by a single court. *See Donaldson, Lufkin & Jenrette v. L.A. Cnty.*, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982). In the present case, at oral argument, the parties informed the Court that the motion to dismiss the Illinois action was *sub judice* before the Honorable Robert M. Dow, and that oral argument was not scheduled on that motion. *See* Tr. 16:14–17:11. The Court advised the parties that, in order to guard against inconsistent results, it intended to contact Judge Dow; the parties did not object. On February 17, 2012, this Court placed a phone call to Judge Dow, and discussed the pending motions to dismiss. Based on that discussion, this Court was reassured that Judge Dow's ruling would accord with the ruling herein, and therefore deemed it appropriate to address the pending motion.

And, although OCI has named several additional defendants who are not party to the Illinois action—namely, National Bedding and J.C. Penney—it is undisputed that, in practice, either lawsuit will resolve those parties' interests. That is because National Bedding is implicated solely in its capacity as a majority shareholder and licensee of Serta, and the only conduct of J.C. Penney at issue here is its sales of Serta's Cassini-branded mattresses. Finally, as to the relief sought, it too is symmetrical—both cases seek to resolve the issue of whether Serta has infringed the Cassini trademark, with Serta seeking a declaration in Illinois that it has not, and OCI seeking a finding in New York that it has.[4] Both parties agree, therefore, that the only question is whether an exception to the first-filed rule has been established. The Court evaluates the two exceptions in turn.

### A. The Special Circumstances Exception

The "special circumstances" exception to the first-filed rule applies where, *inter alia*, there has been "manipulative or deceptive behavior on the part of the first-filing plaintiff." *Pippins*, 2011 WL 1143010, at *4. Courts in this Circuit have identified two situations that merit a finding of special circumstances. The first is where the first-filed lawsuit "constitutes an 'improper anticipatory filing,' or one made under the apparent threat of a presumed adversary filing the mirror image of that suit in a different federal district." *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994)); *see also Employers Ins. of Wausau*, 522 F.3d at 275. The second is where "forum shopping *alone* motivated the choice of the situs for the first suit." *Pippins*, 2011 WL 1143010, at *2 (quoting *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (emphasis added)). The plaintiff in the

---

[4] Because this motion to dismiss turns solely upon the first filed rule, the Court has no occasion to address the merits of the underlying claim of infringement.

second-filed suit has the burden to establish that special circumstances exist, so as to overcome the presumption in favor of the first-filed suit. *See Employers Ins. of Wausau*, 522 F.3d at 275.

### 1. Anticipatory Filing

Whether a filing is anticipatory so as to overcome the first-filed presumption is highly fact-dependent. *Schnabel v. Ramsey Quantitative Sys.*, 322 F. Supp. 2d 505, 511–12 (S.D.N.Y. 2004). The Second Circuit has held that where a first-filed suit for declaratory judgment was "triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979). The Second Circuit has stated, however, that "for a declaratory judgment action to be anticipatory, it must be filed in response to a direct threat of litigation that gives *specific warnings as to deadlines* and subsequent legal action." *Employers Ins. of Wausau*, 522 F.3d at 276 (emphasis added); *see also BuddyUSA, Inc. v. Recording Indus. Assoc. of Am.*, 21 F. App'x 52, 55 (2d Cir. 2001) (summ. order).

Applying this test, district courts have found anticipatory filings when a notice letter containing a specific threat of litigation, including deadlines, venues, and type of relief, was received by the first-filing plaintiff before his or her filing. *See, e.g.*, *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 470 (S.D.N.Y. 2010) (anticipatory filing found where notice letter stated that defendant "has until 5PM EDT Friday July 16 to unequivocally confirm its commitment to perform under our Agreement or it will face an injunction motion," and where the first claim was filed on the date on which plaintiff intended to petition for relief); *CGI Solutions, LLC v. Sailtime Licensing Grp., LLC*, No. 05-cv-4120, 2005 WL 3097533, at *3–4 (S.D.N.Y. Nov. 17, 2005) (although notice letter "did not outright announce that it would be

8

filing suit by a particular date," a notice letter stating that the party "may file a lawsuit seeking injunctive relief and civil damages for breach of contract, conversion, theft of trade secrets, copyright infringement, unfair competition or other causes of action" sufficiently "intimated its resolve to bring a lawsuit" and "sufficiently notified Plaintiffs of its resolve to sue"); *Chicago Ins. Co. v. Holzer*, No. 00-cv-1062, 2000 WL 777907, at *3 (S.D.N.Y. June 16, 2000) (first-filed suit was an anticipatory filing when the notice letter stated a specific jurisdiction and gave a 48 hour deadline); *Mondo, Inc. v. Spitz*, No. 97-cv-4822, 1998 WL 17744 (S.D.N.Y. Jan. 16, 1998) (first-filed suit was anticipatory when notice letter stated a specific venue).  Synthesizing the case law, this Court has thus observed: "When a notice letter informs a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit, the courts have found, in the exercise of discretion, in favor of the second-filed action." *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 491 (S.D.N.Y. 1995).

By contrast, district courts have declined to characterize a first-filed suit as anticipatory where the notice letter that preceded it does not explicitly "inform[ ] a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit."  *Schnabel*, 322 F. Supp. 2d at 511–12 (citing *J. Lyons & Co.*, 892 F.Supp. at 491).  *See e.g.*, *Fandino v. Amalgam Entm't, LLC*, No. 09-cv-8325, 2010 WL 607819, at *3 (S.D.N.Y. Feb. 19, 2010) (no anticipatory filing where letters "mention[ed] the general possibility of future legal action," "did not mention either a date or a forum," and included "merely general threats"); *J. Lyons & Co.*, 892 F.Supp. at 491 (no anticipatory filing where defendants merely mentioned the possibility of legal action but did not specify a date or a forum); *800-Flowers Inc.*, 860 F. Supp. at 132 (no anticipatory filing where there was no direct threat of litigation); *cf. Rico Records Distribs., Inc. v. Ithier*, 364 F. Supp. 2d 358 (S.D.N.Y. 2005) (no anticipatory filing where notice letter stated "[if] the above

9

requests are not complied with in a reasonable period of fifteen days, we shall proceed to file in Federal Court against your company for breach of contract," and the second-filing plaintiffs waited a period to consider trial strategy before filing the second claim).

Although this case presents a reasonably close question, the Court concludes that the circumstances here more closely resemble those in the cases in which courts have not found an anticipatory filing than those in which an anticipatory filing has been found. In the Court's view, OCI did not make a sufficiently explicit, direct, and particularized threat of litigation, prior to Serta's November 10, 2011 filing, to trigger the "anticipatory filing" exception. OCI's letters included only a general threat of litigation. *See Fandino*, 2010 WL 607819, at *3. They did not set out an expected filing date or a timeline for filing. Nor did they identify the venue in which any lawsuit would be filed. The only explicit threat of litigation was contained in OCI's October 17, 2011 letter to Serta and its November 1, 2011 letter to J.C. Penney, but even those letters were general and imprecise with respect to the date and venue of such a lawsuit. Further, beyond stating that Serta was liable for infringement, the letters did not identify the claim or claims that Serta proposed to assert or the specific relief it would seek. The letters stated that OCI demanded "a full accounting" of Serta's and J.C. Penney's revenue from sale of the Cassini-branded mattresses, and that if OCI did "not receive this information, [OCI] will proceed to file suit," Murray Decl. Ex. E, but they did not say more about the timing or contours of any such lawsuit. Notably, these letters were followed by additional letters and, on November 1, 2011, by verbal communications between representatives of OCI and Serta. This subsequent history suggests that the October 17 and November 1 letters mentioning a possible lawsuit did not represent a concrete and imminent threat of litigation upon which OCI was planning to quickly

follow through.  Rather, it indicates that the threat of a lawsuit was being used by OCI as a lever in ongoing negotiations.  *See Rico Records Distribs.*, 364 F. Supp. 2d at 361.

Significantly, "a declaratory action is not anticipatory where it is filed in response to a letter that is indicative of negotiations."  *BuddyUSA, Inc.*, 21 F. App'x at 55.  Here, the assembled communications between OCI, Serta, and J.C. Penney, which span a period of three months, reflect a ranging discussion of the parties' rights and interests.  These letters reflect pledges by Serta and J.C. Penney to cease the marketing and sale of the allegedly infringing product, followed by additional demands by OCI, including for compensation as to prior mattress sales.  Such communications, in the Court's view, reflect an ongoing dialogue and negotiation, in which the prospect of litigation was a lever increasingly utilized by OCI, but never to the point where OCI made a sufficiently concrete threat of imminent litigation to trigger the anticipatory filing exception.

In declining to find that Serta's lawsuit in Illinois was an improper anticipatory filing, the Court, further, notes that OCI had conveyed its claim of infringement by Serta not just to Serta, but, also, in multiple letters, to J.C. Penney, "one of Serta's largest customers."  Feb. 16, 2012 Hearing Tr. 12:2–7.  Under these circumstances, as Serta noted at argument, it had a legitimate reason to file a declaratory action with dispatch, so as to resolve, promptly, a controversy that had come to involve (and expose to the threat of legal action) one of its largest customers.

OCI, for its part, notes that, before filing suit on November 10, 2011, Serta did not ever respond to the verbal settlement demand that OCI had made on November 1, 2011.  This, OCI states, shows that "Serta surreptitiously filed the Illinois Action after misleading [OCI] into believing that it was engaged in good-faith settlement discussions."  But the fact that OCI made a settlement demand—for $100,000, a demand that Serta's November 10, 2011 letter response

11

called "unreasonable" and "sanctionable" because it exceeded its overall revenues from Cassini-branded mattresses—does not establish that Serta had failed to negotiate in good faith, or that its filing was thus improperly anticipatory.  Murray Decl. Ex. B.  With its customer, J.C. Penney, having been drawn into the dispute, with its having represented to OCI that it ceased to sell Cassini-branded mattresses, and with OCI having responded with a monetary demand that Serta viewed as provocatively outsized, Serta had a plausible basis to conclude that the time had come for its dispute with OCI to be resolved in court.

In sum, because OCI's letters failed to describe the potential lawsuit with the specificity required by the case law, and because the Court does not perceive the attendant circumstances as indicative of impropriety, the Court holds that Serta's first-filed lawsuit was not an improper anticipatory filing.

### 2. Forum Shopping

A party's forum shopping may also constitute a special circumstance overcoming the presumption in favor of the first-filed action.  As defined in this area of doctrine, "[f]orum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice."  *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 470 (S.D.N.Y. 2002).  "A party who appropriately files a declaratory judgment action in the forum most convenient to him to resolve a ripe legal dispute is not engaged in forum shopping."  *Schnabel*, 322 F. Supp. 2d at 513–14 (citation omitted).  Here, Serta asserts that it had a valid reason to file suit in the Northern District of Illinois, and that its choice of forum thus was not motivated by forum shopping.

The Court agrees.  At oral argument on the motion, Serta explained that the Northern District of Illinois was a "locus of operative fact."  Feb. 16, 2012 Hearing Tr. 13:23–24; *see also id.* at 7:19–8:9.  Indeed, (1) Serta's offices are located in the Northern District of Illinois; (2) the Serta personnel who decided to brand a line of mattresses as "Cassini," and whose testimony may be required in this case, are located in the Northern District of Illinois; and (3) substantially all relevant sales data, marketing materials, and witnesses for Serta are located in the Northern District of Illinois.  Given these facts, the Northern District of Illinois had far more than a "slight connection" to this dispute, and Serta had a legitimate interest, in the form of its own convenience, for bringing suit in that District.  The Court finds that OCI has failed to demonstrate that Serta's motivation for filing suit in that district was a product of improper forum shopping.

### 3. Additional Circumstances

OCI asserts that a third special circumstance exists.  As it notes, a 2004 case in this district held that the first-filed presumption may be overcome where there are two concurrent actions, and, "when a party is prepared to pursue a lawsuit, but first attempts a settlement and her adversary takes advantage of the situation by filing suit."  *Raytheon Co. v. Nat'l Union Fire Ins. Co.*, 306 F. Supp. 2d 346, 352 (S.D.N.Y. 2004).  OCI argues that such is true in this case, and that this case thus presents a special circumstance "sufficient to overcome the presumption in favor of the first-filed action."  Pl.'s Mem. of Law in Opp. at 5.

The Court disagrees.  Doctrinally, the Court reads the factor noted in *Raytheon* (an open settlement offer spurned in favor of filing suit) not as a freestanding special circumstance, but as a factor relevant to the anticipatory filing special circumstance.  *See Raytheon*, 306 F. Supp. 2d at 352.  And the Court has already considered OCI's argument relating to its November 1, 2011,

$100,000 monetary demand in the course of discussing OCI's anticipatory filing claim. Second, in any event, the circumstances in *Raytheon* are far afield from those here. In *Raytheon*, the second filed suit was filed just two days after the first suit was filed. And the case involved a petition to compel arbitration, in which adhering to the first-filed presumption would have resulted in that litigation proceeding in a state other than the state provided for under the parties' arbitration agreement. Finally, on the facts in that case, enforcing the first-filed rule in *Raytheon* would have penalized the party moving to compel arbitration, in contravention of the preference for arbitration embodied in the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. *See Raytheon*, 306 F. Supp. 2d at 355. For these reasons, the Court does not conclude that *Raytheon* justifies departing from the first-filed presumption in this case.

### B.  The Balance of Conveniences

OCI, alternatively, argues that the balance of conveniences of the witnesses and the parties supports litigation in New York over litigation in Illinois, so as to overcome the first-filed presumption. Each party validly argues that its chosen forum would be more convenient for it. However, the proponent of the second-filed suit has the burden of demonstrating that the *overall* balance of conveniences weighs in favor of its chosen forum in order to establish this exception to the presumption favoring the first-filed action. The Court finds that OCI has not shown that the balance of conveniences weighs in favor of New York as opposed to the original venue, Illinois.

The balance of conveniences is determined by considering the same factors "considered in connection with motions to transfer venue." *Employers Ins. of Wausau*, 522 F.3d at 275. A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Among the factors to be considered

in determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *New York Marine and Gen. Ins. v. Lafarge N.A., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co.*, 462 F.3d at 106–07).

      Here, the first-filing plaintiff's choice, the convenience of the witnesses, the location of relevant documents, and the locus of operative facts all appear to weigh, to varying degrees, in favor of the Northern District of Illinois. To be sure, OCI is incorporated in New York, has business offices in New York, and maintains its business records in New York. It appears to the Court, however, that the witnesses and evidence located in Illinois are somewhat more relevant to this dispute than those situated in New York, and certainly no less so. Most of the witnesses and business records that will need to be produced in the course of this litigation, should it proceed, are Serta's, not OCI's. That is particularly true as to (1) whether Serta's "Cassini" brand of mattresses infringed OCI's trademark, and whether Serta's justification for using the "Cassini" name was meritorious; and (2) whether the monetary damages owed by Serta stem from any infringement on its part, including via J.C. Penney. In sum, although there are convenience factors favoring both districts, OCI has failed to establish that the balance of conveniences favors New York.

      Accordingly, the Court holds that neither special circumstance cited by OCI is present so as to overcome the presumption in favor of the first-filed action. If the parties are destined "to

go to the mattresses" in this dispute,[5] such litigation is properly held in Northern District of Illinois, site of the first-filed action.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted. Serta is directed to file a copy of this Opinion and Order with the Illinois Court in *Serta, Inc. v. Oleg Cassini, Inc.*, No. 11 Civ. 8004 (N.D. Ill.) (RMD), along with a letter giving notice to Judge Dow that this case has been dismissed in favor of the first-filed action. The Clerk of Court is directed to close the motion at docket item 14, and to terminate this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 13, 2012
      New York, New York

---

[5] *See* Sonny Corleone, THE GODFATHER ("If not, it's all-out war: we go to the mattresses.").